IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2008

Charles R. Fulbruge III
Clerk

No. 06-40475
Summary Calendar

CORBIE DALE GRIMES

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CV-299

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Corbie Dale Grimes, Texas prisoner # 1088075, appeals the denial of his 28 U.S.C. § 2254 petition challenging his conviction for aggravated sexual assault of a child. Grimes was granted a certificate of appealability (COA) on the issues (1) whether the trial court erred in admitting unreliable scientific evidence; (2) whether he received ineffective assistance of trial counsel; and (3) whether he received ineffective assistance of appellate counsel. Grimes v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Quarterman, No. 06-40475 (5th Cir. June 18, 2007) (unpublished).  On appeal, however, Grimes has briefed only the issue whether he received ineffective assistance of trial counsel; therefore, the remaining issues on which a COA was granted have been waived.  See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).  Grimes argues that trial counsel was ineffective for failing to object to testimony adduced by State witness Detective Peggy Scott concerning the kinesic interviewing method.

On habeas review, we review the district court's findings of fact for clear error and its legal conclusions de novo.  Summers v. Dretke, 431 F.3d 861, 868 (5th Cir. 2005).  Grimes's ineffective assistance claim was adjudicated on the merits by the state court and, therefore, our review of the state court's decision that counsel did not preform deficiently is deferential.  Id.; see 28 U.S.C. § 2254(d).  Under § 2254(d)'s deferential standard, federal habeas relief cannot be granted unless the state court's adjudication "either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court . . . , or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  Summers, 431 F.3d at 868 (citation omitted).  In the instant case, the "clearly established Federal law" is the Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984), governing ineffective assistance of counsel claims.  To prevail on a claim of ineffective assistance of counsel, Grimes must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced his defense.  Strickland, 466 U.S. at 687-94.

As a result of a Daubert[1] hearing prompted by defense counsel's objection to Scott's testimony, the trial court ruled that Scott could testify as to the

---

[1]  Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993).

method she used to interview Grimes but she could not testify about how she used that method to reach a conclusion regarding his credibility. Our review of the record indicates that counsel's decisions not to object to those portions of Scott's testimony complained of on appeal were in keeping with the trial court's ruling and were objectively reasonable when viewed in the context of the entirety of Scott's testimony. Consequently, the state court's determination that counsel did not perform deficiently was neither contrary to, nor an unreasonable application of, Strickland, nor was it based on an unreasonable application of the facts in light of the evidence. See Summers, 431 F.3d at 868.

Having determined that Grimes has failed to establish error on the part of the state court with regard to the deficiency analysis, we are not required to reach the issue whether he has established Strickland prejudice. See Strickland, 466 U.S. at 687. Nevertheless, we do so briefly and deem that argument unavailing as well. Because the state court did not reach the issue whether Grimes established the requisite prejudice, it is afforded de novo review. See Rompilla v. Beard, 545 U.S. 374, 390 (2005).

Our review of the trial testimony and the videotape of Grimes's pre-arrest interview establishes that the jury had ample information before it on which to base a finding that Grimes was not credible independent of any testimony it heard concerning the kinesic interviewing method. Consequently, Grimes has not shown that it is reasonably probable that counsel's failure to object to Scott's testimony "undermine[d] the reliability of the result of the proceeding." See Strickland, 466 U.S. at 693.

AFFIRMED.